IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| The United States[1]; Jonathan William Wright,<br><br>                Plaintiffs,<br>vs.<br><br>The County of York, South Carolina; 4 Deputies, York County Sheriffs; Erin Joyner, Solicitor,<br><br>                Defendants. | Civil Action No. 0:22-cv-3407-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On October 17, 2022, Plaintiff filed an Amended Complaint. ECF No. 6. On November 4, 2022, the Magistrate Judge entered a Proper Form Order, directing Plaintiff to bring his case into proper form. ECF No. 11. Plaintiff was advised of pleading deficiencies and given an opportunity to amend his Amended Complaint. *Id.* Plaintiff filed a Second Amended Complaint on November 21, 2022. ECF No. 14.

On December 9, 2022, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without issuance and service of process. ECF No. 26. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the

---

[1] Plaintiff Wright listed "The United States" as a Plaintiff in this action but never explains why or includes any further information.

serious consequences if he failed to do so.  Plaintiff filed objections, a supplement, and a motion to amend his Second Amended Complaint.  ECF Nos. 29, 30, 31.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).

The Report recommends dismissal of Plaintiff's Second Amended Complaint because he challenges his arrest and detention in York County, but does not include any facts to explain who violated his constitutional rights, who injured him, or how.  ECF No. 26 at 4.  He does not state why his arrest was unlawful or how his detention has violated his rights, nor does he provide facts about how each Defendant injured him. *Id.*

Plaintiff objects to the Magistrate Judge's recommendations.  ECF No. 29.  He objects to the Report's findings he did not allege facts about what happened in his submitted documents. He then cites several laws he believes support his position, including about an indictment and what it must contain, and an explanation of harmless error. *Id.* at 2-3. He also filed a document entitled "Pleading" with a jurisdictional statement, a demand for monetary and injunctive relief and "sentence of 120 months per violation," and a listing of numerous constitutional amendments and federal statutes. ECF No. 30.  Finally, he submitted a document entitled "Complaint," which was

2

filed as a motion to amend/correct the Second Amended Complaint. ECF No. 31. This filing contains two documents: one that states "1/4" on the top (ECF No. 31), and the attachment that states "1/7" on the top (ECF No. 31-1).[2] The 1/4 document states the 16th Judicial Circuit of York committed crimes of omission, and that his state criminal indictment has been pending for more than four years, in violation of S.C. Code § 56-15-120. *Id.* at 1. He also states the York County court filed three fraudulent warrants. He cites cases holding the Fourth Amendment prohibits the government from detaining a person in absence of probable cause, but does not actually say he was detained without probable cause or any facts tending to show that. The 1/7 document asserts deputies came to his home in January 2022 (apparently on a domestic dispute type complaint, although this is not made clear), Plaintiff told them "nothing happened," deputies tried to enter his home at which time he informed them he did not give permission and Plaintiff was detained and arrested without probable cause. ECF No. 31-1 at 1-2. Plaintiff states he brings this claim under 42 U.S.C. § 1985, conspiracy to interfere with civil rights. *Id.* at 5. He also notes the four deputies engaged in "rebellion and insurrection" under 18 U.S.C. § 2383. *Id.* at 6.

After considering *de novo* the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report as to Plaintiff's previously filed Complaint(s): that they do not contain sufficient factual information to state a

---

[2] These notations do not appear to be dates, as both documents were filed December 28, 2022; however, for ease of reference the court will distinguish the two documents filed together by these markings.

3

claim under § 1983 on which relief can be granted. The newly filed 1/4 document (ECF No. 31) concerns Plaintiff's pending criminal charges in York County. This court will not interfere with a state criminal prosecution due to the prohibition in *Younger v. Harris*, 401 U.S. 37 (1971).[3] However, Plaintiff's newly filed 1/7 "Complaint" (ECF No. 31-1) does contain more factual information about four deputies coming to his home and attempting to enter his home without his permission (although the deputies apparently had permission from his wife), then detaining and arresting him, which Plaintiff alleges was in violation of his constitutional rights.

The court finds Plaintiff's previously filed Complaints (ECF Nos. 1, 6, and 14) do not state a claim upon which relief can be granted under § 1983, even liberally construed.[4] In addition, there are no allegations against Erin Joyner, Solicitor. Therefore, any claims alleged in the first three documents filed, and Defendant Joyner, are dismissed without prejudice. To the extent Plaintiff seeks to have arrest warrants filed against any defendant, Plaintiff cannot bring criminal charges and this claim for relief is dismissed. The newly filed "Complaint" labeled 1/4 at ECF No. 31 references Plaintiff's pending state charges that were indicted in 2017. As noted above, the court will not interfere with a state criminal prosecution due to the prohibition in *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff's newly filed document with the notation 1/7, filed at ECF No. 31-1,

---

[3] The court also notes the cited statute, § 56-15-150, is a statute of limitations for the filing of a claim against a car manufacturer, distributor, or dealer, and has no applicability to this case.

[4] Although the Second Amended Complaint should replace the previous filed Complaint and Amended Complaint, the court addresses all three filings prior to the Report in an abundance of caution.

contains facts that, liberally construed, could potentially constitute a claim under § 1983. However, Plaintiff does not include a "demand for the relief sought" in this document, as required in Federal Rule of Civil Procedure 8(a)(3).

Plaintiff has had multiple opportunities to amend, and continues to file documents alleging different facts on different dates, some seeking relief but some not, and some seeking relief that cannot be granted in this court (such as his request for "120 months per violation"). It does not appear Plaintiff can set forth a cause of action under which this court can grant the requested relief. Therefore, to the extent the newly filed document can be construed as a motion to amend the complaint to include the claims set forth in ECF Nos. 31 and 31-1, the motion is denied, and the claims will not be a part of this case. The court overrules Plaintiff's objections, adopts the Report, and dismisses this action in full with prejudice, as Plaintiff has had multiple opportunities to amend.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 5, 2023